United States District Court
Southern District of Texas
**ENTERED**
June 13, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT NORSWORTHY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:18-CV-00507 |
| § | |
| NANCY A. BERRYHILL, § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Robert Norsworthy filed this case under 42 U.S.C. § 405(g) of the Social Security Act for review of the Commissioner's final decision denying his request for disability insurance benefits and supplemental security income under the Act. The Commissioner and Norsworthy moved for summary judgment. (Dkt. 13, 14). The Commissioner responded to Norsworthy's motion. (Dkt. 15). After considering the pleadings, the record, and the applicable law, it is **RECOMMENDED** that the Commissioner's motion be **GRANTED** and Norsworthy's motion be **DENIED**.[1]

### I. BACKGROUND

**1. Factual and Administrative History**

Norsworthy filed a claim for supplemental security income benefits on April 21, 2015 alleging a disability onset date of March 10, 2015 due to diabetes, back pain, hypertension, cellulitis, and osteomyelitis. (Dkt. 7-3 at 12). Following the denial of his application and subsequent request for reconsideration, Norsworthy requested a hearing before an Administrative

---

[1] The district court referred this matter to this magistrate judge for report and recommendation. (Dkt. 16).

Law Judge (ALJ). After a hearing on November 3, 2016, the ALJ found that Norsworthy was not disabled within the meaning of the Social Security Act. (Dkt. 7-3 at 2-19). The Appeals Council denied review on December 1, 2017 (Dkt. 7-3 at 1-5), and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

In a single point of error, Norsworthy argues that the ALJ applied the wrong legal standard at step two and therefore erred in finding that his cellulitis is a non-severe impairment. (Dkt. 14 at 5-6). Citing *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000) and other cases, Plaintiff argues this error requires remand for *de novo* review of his claim for benefits. (*See* Dkt. 14 at 7, 15).

Defendant maintains that the ALJ applied the correct standard at step two. (Dkt. 15 at 2). In the alternative, Defendant argues that any error committed by the ALJ at step two is harmless because the ALJ's decision is supported by substantial evidence. (Dkt. 14 at 5-7; Dkt. 15 at 2-3).

**2. Standard for District Court Review of the Commissioner's Decision**

Section 405(g) of the Act governs the standard of review in social security disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The court weighs four types of evidence in the record when determining whether there is substantial evidence of disability: (1) objective medical facts; (2)

diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Wren v. Sullivan,* 925 F.2d 123, 126 (5th Cir.1991); *Hamilton-Provost v. Colvin*, 605 F. Appx 233, 236 (5th Cir. 2015).

### 3. Sequential Analysis for Determining Disability

The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. A finding at any point in the five-step sequence that the claimant is disabled, or is not disabled, ends the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citing 42 U.S.C. § 423(d)(1)(A)).

In the first step of the analysis, the ALJ decides whether the claimant is currently working or "engaged in substantial gainful activity." Work is "substantial" if it involves doing significant physical or mental activities, and "gainful" if it is the kind of work usually done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972; *Copeland v. Colvin*, 771 F.3d 920, 924 (5th Cir. 2014).

In the second step, the ALJ must determine whether the claimant has a severe impairment. Applicable regulations define an impairment as severe if it "significantly limits [an individual's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). According to the regulations, an impairment or combination of impairments is not severe if it results in only a "slight abnormality" that would have "no more than a minimal effect on an individual's ability to work. SSR 85-28. However, binding Fifth Circuit precedent states

3

that an impairment is severe if it is anything more than a "slight abnormality" that "would not be expected to interfere" with a claimant's ability to work. *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000) (quoting *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) ("an impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.")).

If the claimant is found to have a severe impairment, the ALJ proceeds to the third and fourth steps of the sequential analysis. In the third step the ALJ must determine whether the severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. If so, the claimant is disabled. If not, the analysis continues to step four: whether the claimant can still perform his past relevant work by determining the claimant's "residual functional capacity" (RFC). 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(e) and 404.1545; s*ee also Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990).

The claimant bears the burden to prove disability at steps one through four, meaning the claimant must prove he is not currently working and is no longer capable of performing his past relevant work. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). The claimant's burden at the second step requires only a *de minimis* showing. *See Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992); *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

If the claimant meets his burden in steps one through four, the burden shifts to the Commissioner at step five to show that the "claimant is capable of engaging in some type of alternative work that exists in the national economy." *Newton,* 209 F.3d at 453.

**4. The ALJ's Decision**

The ALJ performed the standard 5-step sequential analysis. At step one the ALJ found that Norsworthy had not engaged in substantial gainful activity since his alleged onset date of June 17, 2013. At step two she found he suffered from the severe impairments of "insulin dependent diabetes mellitus; lumbar spine arthritis; lumbar compression fracture; and hypertension [.]" (Dkt. 7-3 at 13). She also found that his cellulitis is not a severe impairment. (*Id*.). At step three, the ALJ determined that none of Norsworthy's impairments, alone or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 13).

The ALJ further determined that Norsworthy had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b).[2] (*See* Dkt. 7-3 at 13). She found that Norsworthy can:

> stand and/or walk for 4 hours in an 8 hour day; . . . sit for 6 hours in an 8 hour day; . . . occasionally push and/or pull, use foot and hand controls with the bilateral lower and upper extremities; . . . never climb ropes, ladders, or scaffolds; . . . occasionally climb ramps or stairs; . . . occasionally balance, stoop, kneel, crouch, or crawl; . . . frequently but not constantly reach overhead and in all directions, bilaterally; and . . . frequently but not constantly perform fine fingering and gross handling activities with the bilateral upper extremities.

(*Id*.). Based on the testimony of a vocational expert, the ALJ found that these restrictions prevent Norsworthy from performing his past relevant work as a maintenance worker. (*Id.* at 17). However, at step five she determined that he has the residual functional capacity to perform jobs that exist in significant numbers in the national economy, including parking lot cashier, office cleaner, and toll collector. (*Id*. at 18). As a result, the ALJ concluded that

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

Norsworthy "has not been under a disability, as defined in the Social Security Act, from June 17, 2013, through the date of this decision[.]" (*Id.* at 19).

## II. ANALYSIS

### A. The ALJ applied the incorrect legal standard at step two.

Norsworthy claims remand is required because the ALJ failed to follow the correct legal standard for determining whether an impairment is severe. (Dkt. 14 at 14-15). In *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) the Fifth Circuit held that an "impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101 (quotations omitted). The *Stone* Court also held that an ALJ is presumed to have applied the incorrect severity standard "unless the correct standard is set forth by reference to [the *Stone* opinion] or another of the same effect[.]" *Id.* at 1105. "Notwithstanding this presumption, the Court must look beyond the use of 'magic words' and determine whether the ALJ applied the correct severity standard." *West-Lewis v. Berryhill*, No. 3:17-cv-345-M-BN, 2018 WL 1055586, at *3 (N.D. Tex. Jan. 31, 2018) (citing *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986)).

In the "Applicable Law" section of her decision, the ALJ stated that an impairment is severe if it "significantly limits an individual's ability to perform basic work activities," and is not severe "when medical or other evidence establish only a slight abnormality …that would have no more than a minimal effect on an individual's ability to work." (Dkt.7-3 at 11 (citing 20 CFR 404.1521, and 416.921; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4)). The standard for non-severe impairments set forth by the Fifth Circuit in *Stone* precludes even minimal interference with an individual's ability to work, while the regulations allow for a non-

6

severe finding when the impairment has no more than a minimal effect on the individual's ability to work. *See Ealoms v. Colvin*, C.A. No. W-14-CA-431-WSS-JCM, 2016 WL 11584831, at *5 (W.D. Tex. Aug. 8, 2016) (noting that, under the *Stone* standard, "there can be no interference with plaintiff's work ability – not even minimal interference."). The ALJ in this case found that Norsworthy's cellulitis "is not expected to cause him to have more than minimal work-related functional limitations. Therefore it is non[-]severe." (Dkt. 7-3 at 16).

The standard applied by the ALJ tracks the language in SSR 85-28 and allowed a finding of "non-severe" cellulitis in the face of minimal limitations on Norsworthy's ability to work.[3] The Fifth Circuit recently reiterated in that "an impairment is severe if it is anything more than a 'slight abnormality' that 'would not be expected to interfere' with a claimant's ability to work.'" *Guzman v. Berryhill*, 2019 WL 1432482, at * 5-6 (W.D. Tex. Mar. 29, 2019) (quoting *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018)). Comparing the Fifth Circuit's definition of non-severe to the standard "set forth in Social Security Ruling 85-28, a finding of non-severity in the latter standard includes impairments that would be expected to have "minimal effect on an individual's ability to work." *Guzman*, 2019 WL 1432482, at *5. Thus, the ALJ erred because she applied the incorrect legal standard. *See id.* (finding that ALJ erred by applying standard set out in SSR 85-28 in a manner inconsistent with *Stone*); *see also Taylor v. Colvin*, H-15-718, 2016 WL 344655, at *5 (S.D. Tex. June 3, 2016) (ALJ erred in finding hand impairment not severe where claimant testified that he "struggled to grip and move objects" and displayed decreased dexterity in that hand).

---

[3] The record shows that Norsworthy's cellulitis did, in fact, interfere with his ability to work as he was hospitalized three times to treat that condition. (Dkt. 14 at 7; Dkt. 7-9 at 24; Dkt. 7-12 at 2, 4, 57-59, 63-73; Dkt. 7-13 at 33).

7

### B. Application of the incorrect legal standard was harmless error.

The Fifth Circuit has explained in the context of a severity determination that "the major policy underlying the harmless error rule is to preserve judgments and avoid waste of time[,]" and that a decision of the Commissioner "should not be vacated unless a substantial right of the claimant has been adversely affected." *Jones v. Astrue*, 851 F.Supp.2d 1010, 1015 (N.D. Tex. 2012) (citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) and *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

Although the ALJ found Plaintiff's cellulitis to be non-severe, she proceeded past step two of the five-step sequential analysis. Thus, her use of the improper legal standard is subject to a harmless error analysis. *See Murphy v. Berryhill*, No. 3:17-CV-01260-M-BH, 2018 WL 4568808, at *14 (N.D. Tex. Sept. 24, 2018 ("*Stone* error does not mandate automatic reversal and remand, however; application of harmless error analysis is appropriate in cases where the ALJ proceeds past step two in the sequential evaluation process."); *West-Lewis*, 2018 WL 1055586, at *4 ("[T]he presumption that legal error occurred based on the incorrect wording of the standard may be rebutted by a showing that … the error was harmless[.]") (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)).

The ALJ found Norsworthy suffered from the following severe impairments: "insulin dependent diabetes mellitus; lumbar spine arthritis; lumbar compression fracture; and hypertension[.]" (Dkt. 7-3 at 13). Next, the ALJ assessed Norsworthy's residual functional capacity. (Dkt. 7-3 at 13-17). In determining his RFC, the ALJ "consider[ed] the limitations and restrictions imposed by . . . all of [Norsworthy's] medically determinable impairments[,]" including cellulitis. (Dkt. 7-3 at 13; *see* Dkt. 7-3 at 16 (noting Plaintiff's hospitalizations due to cellulitis and that "each episode [of cellulitis] has been treated successfully with antibiotics and

8

with management of [Norsworthy's] blood glucose and hemoglobin A1C levels.")). In fact, the ALJ provided accommodations for Plaintiff's recurring cellulitis by limiting his fingering capabilities as well as his reaching and gross handling activities in his arms despite determining that the condition was not severe. (*See* Dkt. 7-3 at 13); 20 C.F.R. § 404.1545(a)(2) (non-severe impairments are considered in assessing residual functional capacity). Based on that RFC, the ALJ concluded that Norsworthy could perform other jobs existing in the economy, including parking lot cashier, office cleaner, and toll collector. (Dkt. 7-3 at 18).

The ALJ's application of the incorrect standard at step two constitutes harmless error because a finding of severe cellulitis would not have resulted in a different disability determination. *Taylor*, 706 F.3d at 603 (*per curiam*) (applying harmless error analysis where ALJ failed to cite *Stone* at step two but proceeded to evaluate claimant's residual functional capacity and ability to perform existing jobs at steps four and five); *Herrera v. Comm'r of Soc. Sec.*, 406 F.App'x 899, 903 (5th Cir. 2010) ("[T]his case did not turn on a finding that Herrera's impairments were not severe at step two; rather, the ALJ concluded that Herrera was not disabled because, despite his severe impairments, he retained the residual functional capacity to do other work. Therefore the ALJ's failure to [properly] assess the severity of Herrera's anxiety or learning impairments at step two is not a basis for remand."); *see also Jones v. Astrue*, 851 F.Supp.2d 1010, 1015-18 (N.D. Tex. 2012) (discussing policy behind the Fifth Circuit's holding in *Stone* and post-*Stone* caselaw demonstrating that harmless error analysis applies when the ALJ makes the disability determination at a step subsequent to step two).

Despite the ALJ's error, remand is not automatic and is not required if the error was harmless. Norsworthy has failed to show that the error affected his substantial rights and the record demonstrates that the ALJ considered cellulitis in conjunction with Norsworthy's other

9

impairments when determining his RFC and whether he could perform his past relevant work or other work found in the national economy.

### III. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Defendant's motion for summary judgment be **GRANTED**, and that Plaintiff's motion for summary judgment be **DENIED**.

Signed at Houston, Texas, on June 13th, 2019.

Christina A. Bryan
United States Magistrate Judge